JUDGE BATTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 1408**

--------------------------------------------------------x

Greg Osinoff,

Plaintiff,

-against -

Opera Solutions LLC, and
Opera Incentive Company, LLC,

Defendants.

--------------------------------------------------------x

Case No.

COMPLAINT

(Jury Demanded)

RECEIVED
MAR 03 2014
CASHIERS

Plaintiff, by his attorneys, alleges as follows for his complaint:

NATURE OF THIS ACTION

1.      This is an action to recover for breach of a written employment agreement dated February 9, 2011, whereby Defendant Opera Solutions LLC ("Opera Solutions") employed Plaintiff Greg Osinoff ("Osinoff"), a copy of which is annexed as Exhibit A.  (The "Agreement".)

2.      This action also seeks to recover for breach of a related written agreement dated June 17, 2011, that granted options of membership interests to Plaintiff Osinoff in Defendant Opera Incentive Company, LLC ("Opera Incentive"), a copy of which is annexed as Exhibit B. (The "Grant Agreement".)

PARTIES

3.      Plaintiff Greg Osinoff is an individual residing at 8731 Lewis River Road, Delray Beach, Palm Beach County, State of Florida.

4.      Upon information and belief, Defendant Opera Solutions LLC is a Delaware Limited Liability Company that is duly registered to conduct business in New York State and maintains an office at 180 Maiden Lane, City, County and State of New York.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

Greg Osinoff,

                                    Plaintiff,

        -against -

Opera Solutions LLC, and
Opera Incentive Company, LLC,

                                    Defendants.

-----------------------------------------------------------------x

Case No.

COMPLAINT

(Jury Demanded)

Plaintiff, by his attorneys, alleges as follows for his complaint:

## NATURE OF THIS ACTION

1.      This is an action to recover for breach of a written employment agreement dated February 9, 2011, whereby Defendant Opera Solutions LLC ("Opera Solutions") employed Plaintiff Greg Osinoff ("Osinoff"), a copy of which is annexed as Exhibit A.  (The "Agreement".)

2.      This action also seeks to recover for breach of a related written agreement dated June 17, 2011, that granted options of membership interests to Plaintiff Osinoff in Defendant Opera Incentive Company, LLC ("Opera Incentive"), a copy of which is annexed as Exhibit B. (The "Grant Agreement".)

## PARTIES

3.      Plaintiff Greg Osinoff is an individual residing at 8731 Lewis River Road, Delray Beach, Palm Beach County, State of Florida.

4.      Upon information and belief, Defendant Opera Solutions LLC is a Delaware Limited Liability Company that is duly registered to conduct business in New York State and maintains an office at 180 Maiden Lane, City, County and State of New York.

5.      Upon information and belief, Defendant Opera Incentive Company LLC, is a Delaware Limited Liability Company that is not duly registered to conduct business in New York State and that maintains an office at 180 Maiden Lane, City, County and State of New York.

6.      Upon information and belief, Defendant Opera Solutions and Defendant Opera Incentive are affiliated entities.

7.      Upon information and belief, Defendant Opera Solutions regularly conducts business in New York State and in the Federal Southern District of New York (the "District").

8.      Upon information and belief, Defendant Opera Incentive regularly conducts business in New York State and the District.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship and because Plaintiff alleges an amount in controversy in excess of seventy-five thousand dollars ($75,000), exclusive of interests and costs.

10.     Defendants have consented to the in-personam jurisdiction of this Court for all actions or claims arising out of the Agreement and Grant Agreement.  See Exhibit A at ¶19 and Exhibit B at ¶8(c).

11.     Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendants maintain an office in the District from which they regularly conduct business and because a substantial part of the events giving rise to this action, namely the negotiation and performance of the Agreement and Grant Agreement and the breaches thereof, and the damages caused thereby, occurred in the District.

12.     Venue is also proper because Defendants have consented to venue in this

District for all actions or claims arising out of the Agreement.  See Exhibit A at ¶19 and Exhibit B

at ¶8(c).

JURY DEMAND

13.     Plaintiff demands a jury trial in accordance with F.R.Civ.P. 38.

COUNT I

(Breach of Contract)

14.     On or about February 9, 2011, Defendant Opera Solutions offered Plaintiff

Osinoff, in writing, full time employment.  (Exhibit A.)

15.     Plaintiff Osinoff accepted the offer, in writing, on or about February 19, 2011.

16.     The Agreement described Plaintiff Osinoff's employment, in part, as follows:

> "You are being offered the opportunity to head a new division of Opera
> Solutions referred to as the Unstructured Text Analytics Business (the
> "Business").  Your title shall be Senior Vice President of the Unstructured
> Text Analytics Group."  (Exhibit A at ¶1.) (The Unstructured Text Analytics
> Business is hereafter referred to as the "Division" or "Plaintiff's Division".)

17.     Plaintiff's Agreement with Opera Solutions was for a stated and guaranteed term

of 24 months, as follows:

> "The term of your employment pursuant to the terms set forth herein
> shall commence as of the first date of your employment (the "Start
> Date") and shall continue for the period of twenty-four months from the
> Start Date..."  (Exhibit A at ¶2.)

18.     The Agreement describes Plaintiff's compensation, in part, as follows:

> "In consideration of your services, during the Term you will be paid an
> annualized base salary of $300,000 ("Base Salary").  During the Term, you

3

will also receive a guaranteed, non-recoverable bridge payment in the amount of $200,000 per year.  The bridge payment will be paid to you in equal, pro rata installments throughout the Term." (Exhibit A at ¶3.)

19.     In addition, Plaintiff's compensation included a bonus in the amount of 3% of annual revenues generated by the Division provided certain revenue and profit targets were met, plus a 2% over-ride for all other revenue generated in other divisions of Opera Solutions originated by Plaintiff's Division, plus other compensation and benefits.  (Exhibit A at ¶4.)

20.     Defendant Opera Solutions failed to adequately support the Division that Plaintiff Osinoff was hired to build and lead.

21.     Among other things, Opera Solutions:

   a)     Failed to adequately capitalize the Division;

   b)     Failed to invest the contractually required $3.5 million to build and execute the Division Plaintiff Osinoff was tasked to build (Agreement at ¶5.2(a));

   c)     Failed to approve the hiring of the first two employees for the Division for approximately two months;

   d)     Failed to provide enough employees for the Division;

   e)     Failed to authorize the purchase of the necessary licenses for the needed text analytics software;

   f)     Failed to share adequate information across the company needed by the Division to grow, including but not limited to almost a complete lack of access, communication and support from the individual at Defendant Opera Solutions that Plaintiff Osinoff reported to as head of the Division;

4

g)      Failed to provide marketing department support;

h)      Failed to build a presence for the Division on the Opera Solutions website;

i)      Failed to place Plaintiff Osinoff on the management page of the Opera Solutions website despite the fact that Mr. Osinoff was a Senior Vice President of the company and the head of the Division;

j)      Failed to include Plaintiff Osinoff in a number of internal leadership and strategy meetings.

22.      As a result, it was impossible to properly develop and grow the Division or meet the anticipated revenue and profit goals for the Division.

23.      On or about January 19, 2012, Defendant Opera Solutions terminated Plaintiff Osinoff's employment.

24.      The termination was without warning or notice.

25.      At no time during Plaintiff Osinoff's employment did Defendant Opera Solutions ever indicate that Plaintiff Osinoff's performance was inadequate or that he was not in compliance of the terms of the Agreement.

26.      Plaintiff Osinoff at all relevant times substantially complied with all material terms of the Agreement.

27.      During the meeting at which Plaintiff Osinoff was informed of his termination, Defendant Opera Solutions made it clear that the company was simply "going in a different strategic direction" and no longer desired to pursue development of the Division.

28.     At no time during the termination meeting did Defendant Opera Solutions indicate any cause for the termination of Plaintiff Osinoff.

29.     The termination was without cause.

30.     In this regard, the Agreement states, among other things:

> In the event your employment is terminated or otherwise ends pursuant to sub-section (e) of Paragraph 5 before the Expiration Date, the Company will continue to pay your base salary through the Expiration Date and any production bonus or incentive compensation if that bonus or incentive compensation was earned but not paid as of the date of termination. (Exhibit A at ¶6.)

31.     The "Expiration Date referred to above was approximately February 15, 2013.

32.     At the time Plaintiff Osinoff was terminated, approximately 13 months remained of the guaranteed 24-month term.

33.     Pursuant to the terms the Employment Agreement, Opera Solutions is obligated to pay to Plaintiff Osinoff all compensation and benefits for the approximately 13 months remaining on the Agreement, including but not limited to his annualized base salary, the bridge payments, bonus percentage, over-ride percentage, stock options and bonus based on meeting certain revenue milestones, plus benefits.

34.     Plaintiff Osinoff has duly demanded such compensation.

35.     Defendant Opera Solutions has failed to pay any part of the demanded compensation.

36.     Accordingly, Defendant Opera Solutions is liable to Defendant Osinoff for the following damages:

a)   $300,000 annual base salary for 13 months = $325,000.  (Exhibit A at ¶3.)

b)   $200,000 annual bridge payment for 13 months = $216,667.  (Exhibit A at ¶3.)

c)   Year 1 projected revenue for the Division of $3,379,000 x 3% Production Bonus = $101,370.  (Exhibit A at ¶4.)

d)   Year 2 projected revenue for the Division of $10,087,000 x 3% Production Bonus = $302,610.  (Exhibit A at ¶4.)

37.   Thus, in total, Defendant Opera Solutions is liable to Plaintiff for damages in the amount of $945,647, plus pre-judgment interest, for breach of the Agreement.

<u>COUNT II</u>

(Breach of Contract)

38.   Plaintiff realleges Paragraphs 1 through 37.

39.   As part of his Agreement with Opera Solutions, Plaintiff Osinoff and Defendant Opera Incentive, an affiliate of Opera Solutions, executed the Grant Agreement, which provided for the granting of options of membership interests to Plaintiff Osinoff in Defendant Opera Incentive Company, LLC, as part of Plaintiff's compensation (the "Options").  (Exhibit A at ¶9 and Exhibit B.)

40.   The Grant Agreement states:

> Pursuant to this Grant Agreement, Incentive Company hereby grants to Participant, the number of Options set forth below, as defined in, and having the rights and restrictions set forth in, the Plan, which Options are exercisable for the number of Class B Units set forth below.  The Options

7

granted hereunder have the exercise price (the "Exercise Price") per Option as set forth below:

| Number of Options | Exercise Price | Number of Class B Units |
|---|---|---|
| 8,000 | $45.00 | 8,000 |
| 22,000 | $50.00 | 22,000 |
| 24,000 | $60.00 | 24,000 |

Exhibit B at ¶1(a).

41.     The Grant Agreement further states:

The Options granted to Participant under this Grant Agreement shall vest over the four-year period following March 1, 2011 (the "Vesting Start Date") in accordance with the following schedule:

| Anniversary of Vesting Start Date | Cumulative Vesting Percentage |
|---|---|
| 1st | 10% |
| 2nd | 40% |
| 3rd | 70% |
| 4th | 100% |

Exhibit B at ¶1(b).

42.     Plaintiff was terminated without cause only weeks before the first anniversary of his "Vesting Start Date" by Defendant Opera Solutions.

43.     Upon information and belief, the timing of Plaintiff's termination was intended by the Defendants, in bad faith, to avoid the vesting of any Options with Plaintiff.

8

44.     Upon information and belief, Defendants have, in bad faith, terminated other employees just before the anniversary of their Vesting Start Date for the purpose of circumventing their contractual obligations concerning vested options similar to Plaintiff's Options.

45.     Had Plaintiff remained employed for only a few more weeks, his Cumulative Vesting Percentage pursuant to the Grant Agreement would have been 8%.

46.     Had Plaintiff remained employed for the full 24-month term of his Agreement, his Cumulative Vesting Percentage pursuant to the Grant Agreement would have been 40%.

47.     Plaintiff is entitled to the Options that would have vested as of both the first and second anniversaries of his Vesting Start Date, as set forth in the Grant Agreement, because Plaintiff was terminated in bad faith and without cause, and because Defendant Opera Solutions failed to adequately support the Division, as set forth above.

48.     As a result, Plaintiff has been damaged in an amount to be determined at the time of trial but believed to be greater than $75,000, plus pre-judgment interest.  Alternatively, Plaintiff is entitled to an Order of this Court directing that the Defendants transfer the Options to Plaintiff that would vested with Plaintiff during his guaranteed term of employment but for his termination by Defendants.

Wherefore, Plaintiff demands judgment as follows:

a)     On the First Cause of Action, damages in the amount of $945,647;

b)     On the Second Cause of Action, an amount to be determined at the time of trial but believed to be greater than $75,000, plus pre-judgment interest, or alternatively, an Order

directing that the Defendants transfer the Options to Plaintiff that would vested with Plaintiff

during his guaranteed term of employment but for his termination by Defendants;

      c)      Together with pre and post-judgment interest, costs and expenses, including

attorneys fees, and such other and further relief as this Court may deem just and proper.

Dated: February 26, 2014
       Melville, New York

Joseph Sferrazza, Esq.
Sferrazza & Keenan, PLLC
Attorneys for Plaintiff
532 Broadhollow Rd, Suite 111
Melville, NY 11747-3609
Ph: 631-753-4400 x 22
Fx: 631-753-4065
Em: Joe@SKPLLC.com
Signed pursuant to F.R.Civ.P 11