UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREG OSINOFF, | Civil Action No. 14 CV 1408 (DAB) |
| Plaintiff, | |
| -against- | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |
| OPERA SOLUTIONS LLC, and OPERA INCENTIVE COMPANY, LLC, | |
| Defendants. | |

Defendants Opera Solutions, LLC ("Opera Solutions") and Opera Incentive Company, LLC ("Opera Incentive") (collectively "Defendants"), by their attorneys McCarter & English, LLP, hereby answer the allegations of the Complaint as follows:

## NATURE OF THIS ACTION

1.      Defendants deny the allegations in Paragraph 1, except admit that plaintiff purports to proceed as stated therein.

2.      Defendants deny the allegations in Paragraph 2, except admit that plaintiff purports to proceed as stated therein and admit that a copy of a letter agreement dated June 17, 2011 is attached to the Complaint as Exhibit B.

## PARTIES

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore the allegations are denied and Plaintiff is left to his proof.

4.      Defendants admit the allegations in Paragraph 4.

5. Defendants deny so much of Paragraph 5 as alleges "that maintains an office at 180 Maiden Lane, City, County and State of New York." The remainder of Paragraph 5 is admitted.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent that any facts are alleged, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore the allegations are denied and Plaintiff is left to his proof.

10. Defendants admit the allegations in Paragraph 10.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent that any facts are alleged, Defendant Opera Solutions admits that it maintains an office in the District from which it regularly conducts business but denies the remaining factual allegations of Paragraph 11. Defendant Opera Incentive denies that it maintains an office in the District from which it regularly conducts business and denies the remaining factual allegations of Paragraph 11.

12. Defendants admit that they consented to venue in this District in relation to Plaintiff's Offer Letter and the Grant Agreement, and aver that the remaining allegations in Paragraph 12 state a legal conclusion to which no response is required.

## JURY DEMAND

13. Paragraph 13 states a legal conclusion to which no response is required.

# COUNT I

## (Breach of Contract)

14. Opera Solutions admits that a copy of the Offer Letter is attached to the Complaint as Exhibit A, and states that the text of the Offer Letter speaks for itself. To the extent the allegations in Paragraph 14 otherwise characterize the Offer Letter, Opera Solutions denies those allegations. Paragraph 14 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

15. Opera Solutions admits the allegations in Paragraph 15. Paragraph 15 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

16. Opera Solutions states that the text of the Offer Letter speaks for itself. To the extent the allegations in Paragraph 16 otherwise characterize the Offer Letter, Opera Solutions denies those allegations. Paragraph 16 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

17. Opera Solutions denies Paragraph 17 as an incomplete and mischaracterized statement of the cited provision and further denies that that the Offer Letter "was for a stated and guaranteed term of 24 months." Paragraph 17 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information

sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

18. Opera Solutions states that the text of the Offer Letter speaks for itself, and to the extent the allegations in Paragraph 18 otherwise characterize the Offer Letter, Opera Solutions denies those allegations. Paragraph 18 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

19. Opera Solutions states that the text of the Offer Letter speaks for itself, and to the extent the allegations in Paragraph 19 otherwise characterize the Offer Letter, Opera Solutions denies those allegations. Paragraph 19 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

20. Opera Solutions denies the allegations in Paragraph 20. Paragraph 20 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

21. Opera Solutions denies the allegations in Paragraph 21 and all of its subparts. Paragraph 21 and its subparts make no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

ME1 17661056v.1

22. Opera Solutions denies the allegations in Paragraph 22. Paragraph 22 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

23. Opera Solutions admits the allegations in Paragraph 23. Paragraph 23 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

24. Opera Solutions denies the allegations in Paragraph 24. Paragraph 24 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

25. Opera Solutions denies the allegations in Paragraph 25. Paragraph 25 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

26. Opera Solutions denies the allegations in Paragraph 26. Paragraph 26 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

27. Opera Solutions denies the allegations in Paragraph 27. Paragraph 27 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive

denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

28. Opera Solutions denies the allegations in Paragraph 28. Paragraph 28 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

29. Opera Solutions denies the allegations in Paragraph 29. Paragraph 29 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

30. Opera Solutions denies Paragraph 30 as an incomplete and mischaracterized statement of the cited provision and states that the Offer Letter speaks for itself. Paragraph 30 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

31. Opera Solutions denies Paragraph 31 as an incomplete and mischaracterized statement of the cited provision and states that the Offer Letter speaks for itself. Paragraph 31 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

32. Opera Solutions denies Paragraph 32. Paragraph 32 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or

ME1 17661056v.1

information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

33. Opera Solutions denies the allegations in Paragraph 33. Paragraph 33 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

34. Opera Solutions denies so much of Paragraph 34 as alleges "duly" and "such compensation." Opera Solutions admits that Plaintiff has made a monetary demand. Paragraph 34 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

35. Opera Solutions denies so much of Paragraph 35 as alleges "compensation." Opera Solutions admits that it disputes Plaintiff is entitled to the monetary amount he demanded and that it has not paid that amount to Plaintiff. Paragraph 35 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

36. Opera Solutions denies Paragraph 36 and all of its subparts. Paragraph 36 and its subparts make no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

37. Opera Solutions denies Paragraph 37. Paragraph 37 makes no allegations directed to Opera Incentive, but to the extent a response is required, Opera Incentive denies knowledge or

ME1 17661056v.1

information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and leaves Plaintiff to his proof.

## COUNT II

### (Breach of Contract)

38. Defendants repeat and reallege each and every response to the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

39. Defendants admit that Plaintiff and Opera Incentive executed the Grant Agreement, and further state that the text of the Offer Letter and the Grant Agreement speaks for itself. To the extent the allegations in Paragraph 39 otherwise characterize the Offer Letter and the Grant Agreement, the allegations in Paragraph 39 are denied.

40. Defendants state that the text of the Grant Agreement speaks for itself. To the extent the allegations in Paragraph 40 otherwise characterize the Grant Agreement, the allegations in Paragraph 40 are denied.

41. Defendants state that the text of the Grant Agreement speaks for itself. To the extent the allegations in Paragraph 41 otherwise characterize the Grant Agreement, the allegations in Paragraph 41 are denied.

42. Defendants deny the allegations in Paragraph 42, but admit that plaintiff's employment was terminated on or about January 19, 2012.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants state that the text of the Grant Agreement speaks for itself. To the extent the allegations in Paragraph 45 otherwise characterize the Grant Agreement, the allegations in Paragraph 45 are denied.

ME1 17661056v.1

46. Defendants state that the text of the Grant Agreement speaks for itself. To the extent the allegations in Paragraph 46 otherwise characterize the Grant Agreement, the allegations in Paragraph 46 are denied.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

Defendants deny that Plaintiff is entitled to judgment in his favor or to any of the damages or remedies requested in his prayer for relief.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to their right to plead additional defenses as discovery into the facts of this matter warrant, Defendants hereby assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of waiver and/or release.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of his own prior material breaches of the Offer Letter and Grant Agreement, thereby excusing Defendants from further performance.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at all times Defendants acted in good faith and in accordance with the reasonable commercial standards applicable to their businesses.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because one or more conditions precedent have not occurred.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to failure of consideration.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are preempted in whole or in part by the Employee Retirement Income Security Act.

WHEREFORE Defendants respectfully request that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants on each of Plaintiff's claims, and that the Court award any other appropriate relief.

Dated: April 25, 2014
      New York, New York

                            McCARTER & ENGLISH, LLP

                            By: */s/ Elizabeth M. Smith*
                                Elizabeth M. Smith
                                esmith@mccarter.com
                                Christina M. Schmid
                                cschmid@mccarter.com
                                245 Park Avenue
                                New York, New York 10167
                                (212) 609-6800
                                *Attorneys for Defendants*
                                *Opera Solutions, LLC and*
                                *Opera Incentive Company, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed electronically this 25th day of April, 2014. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                              By:      */s/ Elizabeth M. Smith*
                                          Elizabeth M. Smith