**SFERRAZZA & KEENAN, PLLC**
Attorneys and Counselors at Law

532 Broad Hollow Road • Suite 111 • Melville, New York 11747

JOSEPH SFERRAZZA*
SARAH M. KEENAN

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   3/20/20
```

March 19, 2020

<u>Via ECF</u>

Hon. Barbara Moses
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

      Re:    Greg Osinoff v. Opera Solutions, LLC
                Case No. 14-cv-01408

Dear Judge Moses:

    This firm represents the Plaintiff. I write to request an extension of time concerning Docket # 91, which directs the filing of Proposed Findings of Fact and Conclusions of Law concerning a default judgment and inquest [Docket # 89] by March 27, 2020. I have been quite sick for almost two weeks, possibly with Covid-19, and am now recovering. Testing was not available, but I am now scheduled to be tested this Saturday. It will be difficult to meet the March 27th deadline.

    Complicating matters significantly is that my client and his family have been quarantined at home as they have been exposed. I spoke to my client yesterday. He is self-employed and has great financial concerns in view of the quarantine and the current economic uncertainty. He is not in a position at this time to decide if he can incur further legal fees.

    By way of background, the defendant, Opera Solutions LLC ("Opera"), apparently had all of its assets foreclosed upon by a secured lender [Docket # 82]. The lender, in turn, created a new company to continue the business, Opera Solutions OpCo LLC ("OpCo"), which denies that it has any liability for the debts of Opera. This occurred after the Joint Pre-Trial Statement was filed and the case was in a trial-ready posture [Docket #'s 67 & 82]. Opera has refused to proceed and OpCo has not appeared, despite notice, hence the default.

    Thus, obtaining a default judgment for a specific sum will be the beginning of a long road for my client to conduct discovery based on the judgment, determine what exactly happened, determine whether Opera had any assets after the foreclosure and the disposition

Tel (631) 753-4400
Fax (631) 753-4065
*Also admitted to practice in the U.S. Virgin Islands

jsferrazza@sferrazzakeenan.com
skeenan@sferrazzakeenan.com
www.sferrazzakeenan.com

of those assets, and determine whether there is a viable claim for successor liability against OpCo and then if so, attempt to prove that claim and enforce the judgment.

Because of the incredibly rapid onset of economic uncertainty, particularly for small businesses, my client needs time to see how this crisis unfolds economically in order to determine if he wants to proceed. In view of the current economic situation and the fact that my client has invested substantial legal fees over several years to pursue this case and get it to a trial-ready posture, it is only equitable and fair that he be given adequate time to determine if he is able to pursue this further. I therefore request a 90-day extension of the dates set forth in your order dated March 4, 2020.

Thank you for your time and attention to this matter.

Respectfully,

s/_____
Joseph Sferrazza

JS/pm
cc: ECF Bounce

---

Application GRANTED. Plaintiff's deadline to file his Proposed Findings (*see* Dkt. No. 91 at 1) is EXTENDED to **June 26, 2020**. Defaulting Defendant's deadline to file its responses (*see* Dkt. No. 91 at 4) is EXTENDED to **July 17, 2020**. Plaintiff is directed to serve a copy of this Order on Defaulting Defendant with his Proposed Findings, and to file proof of such service.

SO ORDERED.

_____
Barbara Moses, U.S.M.J.
March 20, 2020